## J. A. J. LEE v. WM. BUTTS:

**Adverse Possession—Estate in Hands of Executor Pending Litigation Over Will.**

> An estate in the hands of an executor will not be held adversely to the heirs or devisees of testator, but for the benefit of those who prove successful in the pending litigation over the will.

**Same—Assignment of Interest in Estate—Legitimate Subject of Bargain and Sale.**

> The claim of Amos Wool to a portion of Katy Wool's estate which he was seeking to establish by impeaching her will, was a legitimate subject of bargain and sale.

### APPEAL FROM BATH CIRCUIT COURT.

April 13, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The estate of Katy Wool, deceased, in the hands of her executor in 1863, at the time Lee bought from Amos Wool, was not held adversely to the heirs or devisees of the testator, but for the benefit of such of the litigants as might prove successful in the pending litigation. The claim of Amos Wool to a portion of Katy Wool's estate which he was seeking to establish by impeaching her will, was a legtimate subject of bargain and sale, hence the note sued on can not be said to have been given without consideration. The proof wholly fails to sustain the defense bond upon the alleged fraudulent misrepresentations as to the quantity of estate claimed by Amos Wool, but rather tends to establish that Lee knew more about this matter than the party from whom he bought.

The court did not err in excluding from the jury the power of attorney from Daniel Wool. There is nothing in the record connecting Amos with that writing, or even showing that he was aware of its existence. The court did not err to the prejudice of appellant by failing to explain to the jury the legal signification of the term "chancing bargain." The instruction as to it is written to mislead the jury in favor of Lee, by inducing them to conclude

that it was necessary for appellee to prove that the note was executed upon some consideration, where, in law, the note itself imported a consideration, and the appellant had wholly failed to rebut this legal presumption.

Both the law and facts as presented by the record sustain the judgment, and as the court committed no error by which appellant could possibly have been prejudiced, the same is hereby affirmed.

*Hurt, Apperson,* for appellant.
*Young, Turner, Reid,* for appellee.